**Margaret Thomas POWE, William A. Powe, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 24299.

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1967.

Rehearings Denied Feb. 23, 1968.

deQuincy V. Sutton, Meridian, Miss., for petitioners.

Lester R. Uretz, Chief Counsel, IRS, Christopher J. Ray, Atty., IRS, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Meyer Rothwacks, Deene R. Goodlaw, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM.

On April 22, 1958, petitioners, husband and wife, created an irrevocable trust for the benefit of various members of their family. The property conveyed, among other items consisted of nine parcels of land. A gift tax return, filed for the year 1958, reported the fair market value of the nine parcels as $326,630.00. The Commissioner of Internal Revenue, in a deficiency notice, increased the valuation to $664,179.00. In a hearing before the Tax Court, following the deficiency as-

sessment the total value of the land involved was fixed at $531,970.00. We affirm.

The principal questions involved are: (1) whether the Tax Court is limited to making adjustments in the value of the particular items included in the deficiency notice and (2) whether the Tax Court's valuation is supported by substantial evidence.

 The Commissioner's deficiency notice to petitioners did not include the mineral interests as a separate item in determining the value of each of the tracts of land involved. It is petitioners' contention that for this reason the Tax Court should have valued the lands without consideration of the minerals therein. In making its re-determination of tax liability the Tax Court is free to consider all elements reflected in the record. In Bernstein v. Commissioner of Internal Revenue, 5 Cir., 267 F.2d 879 (1959) this Court, in approving the Tax Court's decision, said at p. 881:

> "The taxpayer takes the position before us that the Tax Court's findings and decision depart from and are not responsive to the issues as they were submitted to the Tax Court. * * * It is immaterial whether the Commissioner proceeded upon a wrong theory in determining the deficiency, and the taxpayer has the burden of showing that the assessment is wrong on any proper theory."

While not of significance it might be pointed out that the value found by the Tax Court in the case of each piece of land was less than set out in the deficiency notice even with the inclusion of the mineral interests in the lands conveyed.

 With reference to the second and principal question the Tax Court's valuation of the lands involved is supported by substantial evidence. In determining the value of each tract the Court recognized the mineral interest, timber, and young growth as well as the bare land. It was, however, not necessary to list the value of each of these items. The Court's findings have basis in the record, are detailed as to each tract of land and its conclusions are well reasoned.

The decision is

Affirmed.

## ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.